OPINION OF THE COURT
Raymond E. Aldrich, Jr., J.
Defendant, indicted for the crimes of grand larceny in the second degree (Penal Law, § 155.35) and deliberate concealment of a material fact to obtain public assistance (Social Services Law, § 145), moves for dismissal of the indictment on the grounds that there exists a legal impediment to conviction *546 in that section 145 of the Social Services Law creating a statutory presumption is unconstitutional. Defendant’s challenge to the constitutionality of the statute rests upon the opinion of the United States Court of Appeals decision in Allen v County Court of Ulster County (568 F2d 998), which found the presumption set forth in subdivision 3 of section 265.15 of the Penal Law to be constitutionally impermissive, said court determining that there was an insufficient rational connection between the established fact, namely, the presence of a gun in an automobile, and the presumed fact that such gun was known to and subject to the control of each of its occupants.
The provisions of subdivision 1 of section 145 of the Social Services Law provide in part that one who obtains public assistance must notify the agency upon receiving additional money or property and further provides that the failure to so notify the agency of the receipt of such additional property upon cashing a check shall "constitute presumptive evidence of deliberate concealment of a material fact”.
In passing upon the question raised by the. defendant, the court will consider such question on the papers and in the context of the factual evidence presented before the Grand Jury as this court has previously found such evidence to be legally sufficient to support the accusations set forth in the indictment.
One who challenges the constitutionality of a statute bears a heavy burden, as legislative enactments of our Legislature are presumptively valid (People v Scott, 26 NY2d 286, 291).
The criminal acts attributed to defendant by the allegations of the indictment are premised upon his acceptance and use of funds paid to him under public assistance programs administered by the Dutchess County Department of Social Services. Such assistance was provided in the form of monetary payments, which payments were made by issuing to defendant checks which in turn were indorsed and converted to cash by him. Such indorsement was made on the rear of each check. Provision was made on each check for the indorsement to be affixed under the following language:
"I, the undersigned, am aware that I am required to report to the Dutchess County Department of Social Services any income, resources or other circumstancés that may affect the amount of public assistance payments to me and my family. *547 Such changes include inheritance, wages from part time job, decrease in family size, etc. If my check appears in error (more than $5.00 greater than my prior check without explanation) I am to notify the social services agency before cashing.
"I understand this before cashing.”
The checks alleged to have been negotiated by defendant in each instance, and introduced in evidence before the Grand Jury, contain what is alleged to be his signature following the foregoing language.
The Allen court, in finding the presumption of subdivision 3 of section 265.15 of the Penal Law to be constitutionally impermissive, first observed that statutory presumptions in penal statutes are not necessarily invalid, and that the question of validity must be measured by two standards, namely, (1) that there be a rational connection between the facts proved and the fact presumed, or that there be a "substantial assurance” that the presumed fact more probably than not follows the established facts, and (2) the comparative convenience to a defendant of producing evidence against the presumed fact.
Of these tests, the "rational connection” test is the dominant one (Leary v United States, 395 US 6, 36, n 64; Turner v United States, 396 US 398; Tot v United States, 319 US 463). Our Court of Appeals has stated that there must be a "reasonably high degree of probability” of the direct relationship between the established fact and the fact inferred therefrom in order to support a presumption of fact (People v McCaleb, 25 NY2d 394, 404).
In the proceeding at bar, defendant in each instance is alleged to have received payments from the Dutchess County Department of Social Services after indorsing a check wherein he acknowledged that he was aware of his obligation to disclose any income or other resources received by him. Under this check indorsement practice, the defendant was continually on notice as to his obligations to report other income or acquired assets to the agency.
Given such notice and knowledge, and the alleged failure to observe the same by accepting payment, a rational connection can be found between the facts established and the presumed fact of acting deliberately to conceal a material fact to obtain public assistance.
*548 While the statutory presumption of subdivision 1 of section 145 of the Social Services Law readily meets the "rational connection” test, consideration must also be given to the "comparative convenience” test as well, as some commentators have suggested that this is a threshold test which legitimizes reliance upon the presumptive device (79 Yale L J 165, 180). As a deliberate act is one reflecting a state of mind, it is highly unlikely that the prosecution would be able to obtain any direct evidence of such deliberative act. Such proof in most, if not all, instances would have to depend upon circumstantial evidence. Therefore, the People in most instances would not possess information to establish the defendant’s state of mind, whereas defendant would be privy to such information.
As observed by several courts, use of the presumptive device at times is necessary because of the practical impossibility of otherwise establishing the fact sought to be established (United States v Gainey, 380 US 63; People v Leyva, 38 NY2d 160).
In addition to the foregoing, it must be observed that the use of the presumption of section 145 of the Social Services Law does not relieve the prosecution from establishing a prima facie case with respect to the acceptance of public assistance and with respect to the simultaneous receiving by the defendant of money or assets from other sources. These facts must still be established by the prosecution and it is not relieved of its fundamental prosecutorial obligation therefor.
For the foregoing reasons, the motion of defendant is denied.